**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| SRIYAN C. PERERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| BRUNSWICK CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Sriyan C. Perera, a qualified employee over the age of 40, of Asian/Sri Lankan national origin. He also has the distinctive racial appearance, coloring and other physical characteristics of an individual native to the Sri Lankan area of Asia.

2. The Defendant is Brunswick Corporation, a company doing business at 1111 North Hadley Road, Fort Wayne, IN 46804.  At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981.

3. Plaintiff filed an EEOC Charge of Discrimination on December 21, 2018, #EO-0025-A19/24D-2019-00088, a copy of which is attached hereto, incorporation herein, and made a part hereof as Exhibit "A."  The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on February 14, 2019, a copy of which is attached hereto, and made a part hereof as Exhibit "B."  All administrative remedies have been exhausted and all jurisdictional pre-requisites have been met for the filing of this

lawsuit.

4. Plaintiff was employed by the Defendant from January 2018 until he was wrongfully terminated on December 17, 2018. He held the position of Supplier Development Quality Director at the time of separation from employment, and had performed within the reasonable expectations of the Defendant at all material times to this Complaint.

5. Beginning around April 1, 2018, Plaintiff found that he was treated less favorably by the Defendant compared to similarly situated employees that were under the age of 40 and/or who were non-Asian/non-Sri Lankan and outside of the Plaintiff's race. He was started at a lower rate of pay than similarly situated employees that were outside his protected categories. Plaintiff was also supposed to have been assigned two (2) engineers to assist him in his work, but unlike similarly situated Directors he was only given one (1) engineer to assist him. This placed an additional burden on the Plaintiff in the performance of his duties, which similarly situated employees outside of his protected categories did not have to face.

6. Plaintiff was subsequently singled out for verbal criticism and unjustifiably disciplined in August, 2018 and again in November, 2018 relating to supposed job performance issued, and spite in the fact that he had been given significantly less support for his work than similarly situated employees had been given by Defendant.

7. In addition, although when the Plaintiff was hired (or shortly thereafter) the Defendant promised that after a relatively short amount of time, the Plaintiff would receive a raise. However, even after several months went by, Plaintiff was never given the promised raise. By information and belief, similarly-situated employees who were of a non-

2

Asian/non-Sri Lankan national origin and race, and who were under the age of 40, did receive raises.

8. In November 2018, Plaintiff spoke with one of Defendant's suppliers after a quality issue had been identified in the supplier's products. Plaintiff informed the supplier that if the quality issued continued, Defendant might seek alternative sourcing. It was part of Plaintiff's job to inform the supplier of this concern and potential consequence.

9. After Plaintiff's meeting with the supplier, he was called into a meeting with the Defendant's president, and a Human Resources representative. They accused the Plaintiff of making a "threatening statement to the supplier". Plaintiff informed him of what he had told the supplier. Plaintiff was then terminated, because allegedly the statement was "not in alignment with the company's business". This was even though similarly situated employees under the age of 40 and/or were non-Asian/non-Sri Lankan, had made the same and/or substantially similar statements to suppliers, but were not fired.

10. Plaintiff contends that the proffered reason for termination was false and pre-textual, and that in reality Plaintiff was discriminated against on the basis of his age (over 40), race, and national origin (Asian/Sri Lankan), in violation of Plaintiff's federally protected rights under the ADEA, Title VII and 42 U.S.C. § 1981. Defendant's unlawful, discriminatory conduct, was the direct and proximate cause of Plaintiff suffering the loss of his job and job related benefits including income, and also subjected Plaintiff to inconvenience, mental anguish, emotional distress, and other damages ad injuries.

3

11. Defendant's unlawful discriminatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADEA, Title VII, and. § 1981.  Imposition of liquidated damages (available under the ADEA) and punitive damages (available under Title VII and § 1981) is appropriate.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, liquidated damages, punitive damages, reasonable attorneys' fees and costs, and for all just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
Email: cmyers@myers-law.com;
*Counsel for Plaintiff*

4